# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GE GROUP LIFE ASSURANCE CO.**, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 05 C 1616<br>) |
| **JOHN KURCZAK**, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM ORDER AND OPINION

Before me is a petition by defendant John Kurczak ("Kurczak") for attorneys' fees and costs. Because plaintiff GE Group Life Assurance Co. ("GE Group")[1] voluntarily dismissed its claims against Kurczak, Kurczak contends that he is the prevailing party in this suit and is therefore entitled to fees and costs. For the following reasons, I deny Kurczak's petition.

I.

The following facts are relevant to Kurczak's petition: GE Group's complaint against Kurczak alleged that Kurczak was eligible for long-term disability benefits under the terms of the employee welfare plan (the "plan") of his former employer, Rin, Inc. (Compl. at ¶¶ 5-6.) The complaint alleges, and Kurczak concurs,

---

[1] Both parties contend that GE Group is now known as "Genworth Life and Health Insurance Company," and the instant petition and related briefs refer to the plaintiff as "Genworth" or "Genworth Life." However, because the original pleadings in this case refer to the plaintiff as GE Group, and because those pleadings have not been amended, to avoid confusion I will continue to refer to the plaintiff as GE Group.

that the plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (2007) ("ERISA"). (Compl. at ¶ 1.) Under the terms of the plan, long-term disability benefits awarded under the plan are allegedly subject to adjustment if the recipient of those benefits received income from other sources, including Social Security disability income. (Id. at ¶ 8.) The parties agree that in January of 2001 Kurczak claimed he had become disabled and was unable to work, and received long-term disability benefits from the fund. (Id. at ¶¶ 1, 8.) He allegedly later received a retroactive Social Security award in the amount of $33,797.60 for back benefits with a monthly award to continue indefinitely (the "Social Security award"). (Id. at ¶9.) GE Group contends that as a result, the benefits awarded to Kurczak under the plan are subject to adjustment so that Kurczak now owes GE Group the amount of his Social Security award, or $33,797.60. (Id.)

GE Group originally brought suit against Kurczak in the District of Connecticut, but upon a motion by Kurczak the court transferred the case to the Northern District of Illinois. *See GE Group Life Assurance Co. v. Kurczak*, No. 04 C 1906, slip op. at 1 (D. Conn. Mar. 3, 2005). Kurczak argues, and GE Group does not dispute, that GE Group conducted no discovery before the discovery cut-off on May 31, 2006. Following the cut-off, the parties both moved for extensions of time to file dispositive motions, which the

court granted. In September of 2006, Kurczak moved for summary judgment. Before GE Group's response to Kurczak's motion became due, GE Group filed a consent motion to dismiss. In support of its motion to dismiss, GE Group stated that it sought to voluntarily dismiss its claims because an investigation of Kurczak's financial situation caused it to determine that "its likely recovery did not justify the expected costs of continued litigation." (Pl.'s Mot. to Dismiss at 1.) GE Group's motion further stated that although Kurczak consented to its motion, he would still seek an award of attorneys' fees and costs. (Id. at 2.) On December 13, 2006, I entered an order dismissing the case without prejudice but retained jurisdiction to resolve Kurczak's demand for attorneys' fees. *See GE Group Life Assurance Co. v. Kurczak*, No. 05 C 1616, slip op. at 1 (N.D. Ill. Dec. 13, 2006). Kurczak's petition for fees followed.[2]

II.

Kurczak seeks an award of attorneys' fees and costs under 29 U.S.C. § 1132(g)(1), which provides that in any ERISA action "by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either

---

[2]The date by which Kurczak was to file his reply was originally March 9, 2007. On March 9, Kurczak filed a motion for an extension of time to file his reply by March 16, 2007, and he subsequently filed a reply on March 16. His motion for an extension of time is hereby granted, and I have considered his reply in ruling on his petition.

3

party."  The Seventh Circuit has read into this statute a requirement that the party be a "prevailing" party in order to receive a fee award.  *See, e.g., Bender v. Freed*, 436 F.3d 747, 749 (7th Cir. 2006) (stating that § 1132(g)(1) "authorizes the court to award fees, in its discretion, to the prevailing party in an ERISA action"); *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("ERISA authorizes . . . the award of reasonable attorneys' fees to a prevailing plaintiff in a suit for benefits.").  There is a "modest" and rebuttable presumption in favor of awarding fees to the prevailing party.  *See Senese v. Chicago Area Int'l Bd. of Teamsters Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001) (*quoting Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir. 1995)); *see also Herman v. Cent. States, Southeast and Southwest Areas Pension Fund*, 432 F.3d 684, 695-96 (7th Cir. 2005) (internal citation omitted).  The Seventh Circuit has also articulated two other tests to determine whether attorneys' fees should be granted, but these tests both presume that a party was a "prevailing" party.  *See Herman*, 432 F.3d at 696.  Therefore, before addressing those tests I must determine whether Kurczak is a "prevailing" party such that he may recover under 29 U.S.C. § 1132(g)(1).

In Kurczak's petition, he cites the Supreme Court's decision in *Buckhannon Bd. and Health Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598 (2001), for the proposition

4

that the "prevailing party" is a party "who has been awarded some relief by the court" including where the court enters an enforceable judgment on the merits or a consent decree. *Id.* at 603-04. The Court held that this was true because consent decrees and enforceable judgments "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604 (internal citations omitted). Kurczak argues that he is a "prevailing party" based on this language. It is true that Kurczak's legal position has changed because this dismissal of the action serves as a bar to any future attempt by GE Group to bring suit against Kurczak for the same causes of action asserted here. *See Hill v. Potter*, 352 F.3d 1142, 1144-45 (7th Cir. 2003) (test for whether a dismissal is a "final judgment" for *res judicata* purposes is whether "the district court has finished with the case"); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata."). This matters to Kurczak because GE Group will not later be able to file suit against Kurczak seeking

5

a return of the funds that it believes are owed to it.[3]  Therefore I conclude that Kurczak is the prevailing party.

### III.

Given that Kurczak is the prevailing party, I must consider whether he should be awarded fees and costs.  The Seventh Circuit recognizes two tests for determining whether to award attorneys' fees.  *See Herman*, 423 F.3d at 696.  Under the first test, a court may deny fees to a successful defendant if "the plaintiff's position was both substantially justified - meaning something more than non-frivolous, but something less than meritorious - and taken in good faith, or if special circumstances make an award unjust."  *Id.* (internal quotations omitted) (citing *Senese*, 237 F.3d at 826

---

[3]There is an argument, not raised by defendant, that *Buckhannon* does not apply to requests for fees under § 1132(g) because the Court in *Buckhannon* analyzed not § 1132(g) but rather civil rights statutes whose wording specifically allows for the award of attorneys' fees to the "prevailing party."  *See* 532 U.S. at 601-02 (discussing wording of 42 U.S.C. §§ 3613(c)(2) and 12205, the statutes under which the petitioners sought attorneys' fees). At least one court within this district has questioned whether *Buckhannon* applies to ERISA cases.  *See Bridge v. Transpersonnel, Inc.*, No. 03 C 2437, 2004 WL 2034075, at *5-6 (N.D. Ill. Sept. 10, 2004) (citing cases from other jurisdictions suggesting that the holding of *Buckhannon* may not apply to ERISA cases).  *But see Magin v. Monsanto Co.*, No. 03 C 1366, 2005 WL 2171175, at *3 (N.D. Ill. Sept. 1, 2005) (applying *Buckhannon* to determine who is the prevailing party in an ERISA case).  Prior to the *Buckhannon* decision the Seventh Circuit had addressed whether a party can be a "prevailing party" when an ERISA case settles, *see Hooper v. Demco, Inc.*, 37 F.3d 287 (7th Cir. 1994), but that case addressed a situation where the plaintiff received a favorable settlement from the defendant.  *See id.* at 288.  The reasoning of *Hooper* does not apply to the present case, where the plaintiff willingly dismissed its claims against the defendant and the defendant now seeks its fees and costs.

6

(internal citations omitted)). Under the second test, the court analyzes five factors including

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Herman*, 423 F.3d at 696 (citing *Brewer v. Protexall, Inc.*, 50 F.3d 453, 458 (7th Cir. 1995)). As the Seventh Circuit has explained, although these two tests are slightly different they both "essentially ask the same question: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) (internal citations omitted).

Under both tests I must analyze the merits of the plaintiff's position. I do so keeping in mind the Supreme Court's caution that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (assessing award of attorneys' fees under 42 U.S.C. § 1988). Kurczak argues that GE Group brought its claims in bad faith because Supreme Court precedent prevented GE Group from obtaining the relief it sought. However, I conclude that GE Group's claims were substantially justified and not in bad faith.

7

GE Group's complaint brought claims under ERISA and under a common law theory of unjust enrichment, seeking reimbursement in the amount of Kurczak's Social Security award. As GE Group contends, 29 U.S.C. § 1132(a)(3) authorizes GE Group, as a fiduciary of Kurczak's plan, to bring suit to obtain "other appropriate equitable relief" to enforce provisions of ERSIA or the plan. To prevail on a claim for restitution under ERISA, GE Group must show that (1) it is the fiduciary of the plan; (2) Kurczak violated a provision of the plan; and (3) it sought appropriate equitable relief. *See Harris Trust and Sav. Bank v. Provident Life and Accident Ins. Co.*, 57 F.3d at 615. There is no dispute between the parties that GE Group is the plan fiduciary or that Kurczak violated the plan by not turning over his Social Security award.

The parties do dispute, however, whether the restitution GE Group sought was "appropriate equitable relief." Kurczak relies on the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), in which the Court held that restitution is only "appropriate equitable relief" where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213 (internal citations omitted). This is because an action for restitution to recover "money to pay for some benefit the defendant had received" from the plaintiff, without tracing the money owed to some particular money

or property possessed by the defendant, was traditionally viewed as an action at law for breach of contract "whether the contract was actual or implied." *Id.* The Supreme Court concluded that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214. Based on this decision, Kurczak argues that GE Group's claims were without merit because it could not receive the restitution it sought since Kurczak had no assets, and since GE Group could not trace the Social Security Award to any specific asset of Kurczak's. Kurczak contends that GE Group knew this was the case from communications its attorney had with Kurczak's attorney at the time it originally filed suit against Kurczak. (Def.'s Mem. in Opp'n at 2-3.)

GE Group responds with several arguments. First, it contends that the Supreme Court's holding in *Sereboff v. Mid Atl. Med. Servs.*, 126 S. Ct. 1869 (2006) establishes that it need not trace the Social Security award to any specific asset owned by Kurczak. (Def.'s Mem. in Opp'n at 8.) Second, it argues that, even assuming tracing is required, it is a factual question whether Kurczak still possessed any of the money or assets purchased with the Social Security award. (Id. at 8-9.) Third, GE Group contends that it does not matter whether Kurczak possessed the entire amount of the Social Security award or not, since it was entitled to any portion

9

of the Social Security award still in Kurczak's possession.  (Id. at 9.)

I agree with GE Group's contention that tracing rules do not apply; it need not strictly trace the funds it sought to recover from Kurczak.  However, as I interpret *Sereboff*, a party bringing a claim under § 1132(a)(3) must still seek to recover a "particular fund" from the defendant, although it need not trace the money it seeks to some "particular funds or assets" in the defendant's hands.  In *Sereboff*, the Supreme Court analyzed whether an ERISA plan fiduciary could assert an equitable lien on the proceeds of a state court tort settlement.  126 S. Ct. at 1872.  Like Kurczak, the Sereboffs' health insurance plan provided benefits for certain medical expenses, but also included language requiring the Sereboffs to reimburse the plan fiduciary for those benefits out of any recoveries from third parties.  *Id.*  The Sereboffs were in an automobile accident, received benefits from the plan, and subsequently also sued several third parties in state court seeking damages for their injuries caused by the accident.  *Id.*  After they settled that lawsuit and received a substantial payment as a result, the plan fiduciary brought an ERISA claim against them seeking an equitable lien on the settlement funds.  *Id.* at 1873. The Supreme Court held that the plan fiduciary did have a valid claim.  It first repeated its holding in *Great-West Life* that, to determine whether a particular remedy is equitable depends on (1)

10

the basis of the claim and (2) the nature of the underlying remedies sought. *Sereboff*, 126 S. Ct. at 1874 (quoting *Great-West Life*, 534 U.S. at 213). The opinion in *Sereboff* first affirms the holding in *Great-West Life* that, for the nature of a claim for restitution to be equitable, the plaintiff must seek to recover a particular fund from the defendant and not to recover from the defendant's assets generally. 126 S. Ct. at 1874 (quoting *Great-West Life*, 534 U.S. at 210). However, the Court rejected the Sereboffs' argument that the basis of the claim was not equitable where the plan fiduciary could not trace the money it sought to some particular fund or asset. *Id.* at 1875. According to the Court, this is because the strict tracing rule set forth in *Great-West Life* does not apply where the equitable lien sought is "by agreement." *Id.* at 1874-76. Other courts in this district have recognized that this holding abrogates any holding in *Great-West Life* that strict tracing is always required in order to maintain an action for restitution under § 1132(a)(3). *See, e.g.*, *Street v. Ingalls Mem'l Hosp.*, No. 06 C 2963, 2007 WL 844619, at *5 (N.D. Ill. Mar. 15, 2007); *Mote v. Aetna Life Ins. Co.*, 435 F. Supp. 2d 827, 828-29 (N.D. Ill. 2006); *Gutta v. Standard Select Trust Ins.*, No. 04 C 5988, 2006 WL 2644955, at *24-26 (N.D. Ill. Sept. 14, 2006).

In this case, as in *Sereboff*, GE Group's complaint sought to recover a particular fund from Kurczak, namely the Social Security award. Also as in *Sereboff*, GE Group had an equitable lien by agreement because the language of the plan allowed GE Group to recover income received from other sources such as a Social Security award. Therefore, it is true that strict tracing would not have applied to GE Group's claims.[4]

Because GE Group did not need to trace the Social Security award to any particular funds in Kurczak's possession, its claims had merit regardless of whether Kurczak actually spent the entire amount of the Social Security award as he claims. I need not determine specifically how much of the award Kurczak still possessed or whether it is true, as he contends, that he was on the verge of bankruptcy. *Sereboff* does demonstrate that GE Group's claim was "more than non-frivolous" even if ultimately GE Group could not have recovered from Kurczak. Therefore, under the first test set forth in *Herman*, I should deny fees to Kurczak. *See* 423 F.3d at 696 (internal citations omitted).

---

[4]The holding in *Sereboff* is somewhat confusing because it suggests that, while a plan fiduciary must seek relief from a "particular fund," it need not actually trace that "particular fund" to a particular asset where the equitable lien is by agreement. Judge Shadur noted, "*Sereboff* confirms that Job's description of the ways of the Lord ('The Lord gave, and the Lord hath taken away') is equally applicable to the Supreme Court." *Mote*, 435 F. Supp. 2d at 828-29 (internal citations omitted).

If I apply the second test the Seventh Circuit has used, I reach the same result. *See Herman*, 423 F.3d at 696. First, any culpability or bad faith by GE Group is minor. Kurczak has argued that GE Group originally filed its claims in Connecticut even though the District of Connecticut had no personal jurisdiction over Kurczak, that GE Group conducted no discovery within the discovery cut-off, and continued the case even though Kurczak's counsel advised GE Group's counsel several times that Kurczak was nearly bankrupt and had none of the funds from the Social Security award remaining, and that only after Kurczak had filed a summary judgment motion did GE Group's counsel contact Kurczak's counsel, offer to settle the case, and as Kurczak characterizes it, acknowledge that it was "unlikely" that it would win. (Def.'s Pet. at 7-8.) Although Kurczak understandably might have been frustrated with these actions, they do not demonstrate that GE Group acted in bad faith. Even if admissible (since GE Group argues that its counsel's statements to Kurczak's counsel are protected as statements made in the context of settlement (Pl.'s Mem. in Opp'n at 10-11)), an assessment of one's own case as difficult to win does not establish bad faith. Further, none of the other evidence to which Kurczak points establishes that GE Group was not earnestly pursuing its claims or filed this suit in order to harass Kurczak or for some other improper purpose.

For this same reason, the third factor in the second test articulated in *Herman* also weighs in favor of denying a fee award because there is no need to deter other plan fiduciaries from pursuing relief under similar circumstances since I find that GE Group did not act in bad faith. *See Herman*, 423 F.3d at 696 (internal citations omitted). Additionally, no benefit would be conferred on members of the pension plan as a whole by awarding fees because GE Group has not acted in bad faith, and Kurczak's pursuit of fees will not assist other members of the plan.

I do agree with Kurczak's contention, which GE Group does not contest, that GE Group is able to satisfy an award of attorneys' fees, but this factor alone does not weigh in favor of awarding such fees. This is particularly true given, as discussed above, that I believe that GE Group's claims were not unmeritorious and that Kurczak's position that tracing would apply was wrong in light of the holding in *Sereboff*.

I do agree that GE Group's actions during the pendency of the case may not have been entirely logical, and may have caused Kurczak some frustration and discomfort, but this is not the standard for awarding fees. GE Group's position was substantially justified and was taken in good faith, and Kurczak has not presented evidence that GE Group was "simply out to harass" Kurczak. *See Quinn*, 161 F.3d at 478. Therefore I deny Kurczak's petition for attorneys' fees and costs.

14

IV.

For the above reasons, Kurczak's motion for an extension of time to file his reply is granted. However, I deny his petition for attorneys' fees and costs.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 12, 2007